# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MARGARET GERSTLEY-TRASK )<br>and DALE TRASK, )<br>wife and husband, )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>JEFFREY FELZER, D.M.D., P.C. )<br>d/b/a PERIODONTICS AND )<br>IMPLANT DENTISTRY; )<br>CHRISTIANA CARE HEALTH )<br>SERVICES, INC.; )<br>JOHN VORRASI, D.D.S.; )<br>GEOFFREY ZINBERG, D.M.D.; )<br>RYAN CALVI, D.M.D.; and )<br>RICHARD HAMMOND, D.M.D., )<br> )<br>    Defendants. ) | C.A. No. N16C-02-038 AML<br><br>JURY TRIAL OF 12 DEMANDED |

Submitted: March 28, 2016
Decided: April 13, 2016

## ORDER
### Upon Review of the Affidavit of Merit

Under 18 *Del. C.* § 6853(a)(1), all healthcare negligence complaints must be accompanied by an affidavit of merit as to each defendant, signed by an expert witness, accompanied by a current *curriculum vitae* of the witness, and stating that there are reasonable grounds to believe each defendant committed healthcare medical negligence. By its terms, an affidavit is required only in "healthcare

negligence lawsuit[s]."[1] "Medical negligence" is defined as "any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient."[2] A "health care provider" is a "person corporation, facility or institution licensed by this State pursuant to Title 24, excluding Chapter 11 thereof . . . ."[3]

In this case, the affidavit of merit was filed under seal, as required. As permitted by 18 *Del. C.* § 6853(d), Defendants Christiana Care Health Services, Inc., John Vorrasi, D.D.S., Geoffrey Zinberg, D.M.D., Ryan Calvi, D.M.D., and Richard Hammond, D.M.D. requested *in camera* review of the affidavit to determine compliance with Sections 6853(a)(1) and (c).

This is not a "healthcare negligence lawsuit."[4] Dentists are licensed pursuant to Title 24 Chapter 11,[5] and, therefore, are excluded from the definition of "health care provider."[6] Because Plaintiff had no obligation to file an affidavit of merit, the Court will not review the one submitted.[7]

---

[1] 18 *Del. C.* § 6853(a).

[2] *Id.* § 6801(7).

[3] *Id.* § 6801(5).

[4] *See Jubb v. Dougherty*, 2009 WL 952217, at *1 (Del. Super. Apr. 8, 2009).

[5] 24 *Del. C.* § 1124.

[6] *Jubb*, 2009 WL 952217, at *1 (citing *Ragazzo v. Truono*, 1989 WL 40922, at *1 (Del. Super. Apr. 12, 1989)).

[7] Although not a dentist excluded under Chapter 11, Christiana Care Health Services, Inc. is a named defendant solely for *respondeat superior* purposes and therefor does not require an affidavit of merit. *See Patrick v. Sahm*, 2009 WL 807482 (Del. Super. Mar. 19, 2009); *Hudson v. Ciampoli*, 2010 WL 629838 (Del. Super. Feb. 19, 2010).

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Richard Galperin, Esquire
      Gary S. Nitsche, Esquire
      William A. Crawford, Esquire